UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMBER T.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C25-5723-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ misevaluated her testimony and the medical opinion evidence. Dkt. 12. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 48 years old, has a high school education, and o past relevant work. Tr. 30. On June 20, 2022, she applied for benefits, alleging disability as of August 28, 2019.[1] Tr. 157-61. Her applications were denied initially and on reconsideration. Tr. 61-69, 81-93. The ALJ conducted a hearing on August 22, 2024, and later issued a decision finding Plaintiff not

---

[1] Plaintiff later amended her onset date to July 1, 2021, at her hearing. Tr. 44.

ORDER REVERSING AND REMANDING - 1

disabled. Tr. 17-32. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, [2] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since July 1, 2021, the amended alleged onset date.

**Step two:** Plaintiff's severe impairments are: lumbar, thoracic, and cervical degenerative disc disease; right ankle dysfunction; persistent genital arousal disorder; depressive disorder; anxiety disorder; panic disorder; and post-traumatic stress disorder (PTSD).

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity:** Plaintiff can perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can lift and/or carry/push and/or pull 20 pounds occasionally, 10 pounds frequently. Plaintiff can sit, with normal breaks, for a total of 6 hours in an 8-hour workday, and stand and/or walk, with normal breaks, for a total of 6 hours in an 8-hour workday. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She can frequently handle, finger, and feel with both upper extremities. Plaintiff can tolerate occasional exposure to atmospheric conditions as defined in the Selected Characteristics of Occupations (SCO) and hazards such as unprotected heights and moving mechanical parts. She can understand, remember, and apply simple instructions, make simple work-related decisions, and sustain concentration, persistence, and pace to perform simple and detailed but not complex tasks. Plaintiff can tolerate occasional interactions with supervisors, coworkers, and the general public in jobs that do not require tandem tasks, sales, customer service, or dispute resolution. She can deal with occasional routine work changes with these limitations.

**Step four:** Plaintiff did not have past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, she is not disabled.

Tr. 23-24, 30-31.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING - 2

**DISCUSSION**

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 11100 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

**1.     Plaintiff's Testimony**

The ALJ did not find malingering and was thus required to articulate "clear and convincing reasons" to reject her testimony. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's reasons "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015); *see also Laborin v. Berryhill,* 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify *which* testimony the ALJ found not credible and explain *which* evidence contradicted that testimony). General findings and conclusory statements without supporting evidence are thus insufficient. *Brown-Hunter,* 806 F.3d at 494.

Plaintiff testified physical exhaustion is the primary symptom affecting her ability to function, followed by pain. Tr. 50-51. She stated she could barely walk one block without needing to go home and lay down. Tr. 50. Her level of fatigue differs from day to day: some days she can be up for two hours before needing a nap, and other days she must sleep all day. Tr. 53, 262. She stated her pain prevented her from bending her right leg, and that she is numb from her

toes to above her knees, like her legs are always asleep. Tr. 51. Plaintiff testified she cannot stand on her right leg due to pain and weakness and will lean against something while she stands to take the pressure off her leg. Tr. 53-54. She feels a constant tightness and throbbing, which is amplified by flares of her persistent genital arousal disorder (PGAD). Tr. 55.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms but rejected her testimony because it was unsupported by the objective evidence and inconsistent with her reported activities. Tr. 25.

      a.  **Objective Medical Evidence**

The ALJ found the objective medical evidence did not support Plaintiff's statements concerning the alleged intensity, persistence, and limiting effects of her symptoms or a debilitating inability to function. Tr. 25. Plaintiff argues the ALJ erroneously based his determination solely on a lack of objective evidence and by fail to identify contradictions between Plaintiff's testimony and the objective findings. Dkt. 12 at 7-13. The Commissioner asserts the ALJ properly found Plaintiff's testimony inconsistent with the medical evidence and the ALJ's rationale can be reasonably discerned. Dkt. 14 at 3-6.

Here, the ALJ summarized the consultative examination findings and MRI results, cited observations of normal strength and sensation, full range of motion, and steady gait, and concluded that the objective examinations "have not suggested greater physical limitations than already accounted for." Tr. 26. But as pain testimony may establish greater limitations than can medical evidence alone, the ALJ cannot base a credibility determination solely on whether objective evidence fully corroborates the testimony. *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005); *see also Fryer v. Kijakazi,* 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022) ("there is typically no objective medical support for symptoms involving excess pain, and the claimant's

ORDER REVERSING AND REMANDING - 4

1   testimony is particularly probative."). By requiring objective evidence to fully corroborate

2   Plaintiff's allegations, the ALJ "effectively render[ed] [Plaintiff's] subjective symptom

3   testimony superfluous," and accordingly erred. *Smartt v. Kijakazi,* 53 F.4th 489, 498 (9th Cir.

4   2022).

5       The Commissioner argues the ALJ properly found the cited evidence inconsistent with

6   Plaintiff's testimony. Dkt. 14 at 3-6. While an ALJ may discount a claimant's subjective

7   testimony as inconsistent with the objective medical evidence, *Smartt,* 53 F.4th at 498, the ALJ

8   no made so such findings here. Although the Commissioner attempts to explain how the cited

9   evidence undermined Plaintiff's testimony, this Court is "constrained to review the reasons the

10  ALJ asserts," and "cannot affirm the decision of an agency on a ground that the agency did not

11  invoke in making its decision." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir.

12  2006).

13      The ALJ also erred by failing to connect the medical evidence to Plaintiff's testimony.

14  An ALJ must specifically identify the testimony he finds not to be credible and explain what

15  evidence undermines that testimony. *See, e.g., Lambert v. Saul,* 980 F.3d 1266, 1268 (9th Cir.

16  2020); *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001). Thus, simply summarizing

17  the medical evidence that ostensibly supports the RFC determination followed by a non-

18  credibility determination does not constitute providing clear and convincing reasons. *Brown-*

19  *Hunter,* 806 F.3d at 494. Because the ALJ failed to identify the testimony he found not credible

20  and link that testimony to the specific parts of the record supporting his determination, the ALJ

21  erred. *Id.*

22      The Commissioner argues an ALJ is not required to state, "I rejected this specific

23  limitation because…," and the substantial evidence standard only requires that the Court be able

ORDER REVERSING AND REMANDING - 5

to reasonably follow the ALJ's path. Dkt. 14 at 5 (citing *Magallanes v. Bowen,* 881 F.2d 747, 755 (9th Cir. 1989) and *Molina,* 674 F.3d at 1121). This may be true regarding the substantial evidence standard, but it is the "clear and convincing reasons" standard applies here, and the ALJ has failed to meet this standard. *See Brown-Hunter,* 806 F.3d at 494 (ALJ's path could not be discerned where the ALJ made only a general credibility finding without connecting the claimant's testimony to the evidence).

### b. Activities of Daily Living

The ALJ also rejected Plaintiff's testimony because her activities of daily living, despite being "purportedly limited and not necessarily independently indicative of being able to sustain work," supported the RFC. Tr. 26. The ALJ cited activities such as Plaintiff getting her son ready for school, taking care of her two dogs, preparing meals, doing laundry and light housework, shopping, and driving. Tr. 26-27. Plaintiff argues the ALJ failed to show that her activities were inconsistent with the evidence and did not show she could sustain work. Dkt. 12 at 13-14.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Smith v. Kijakazi,* 14 F.4th 1108, 1114 (9th Cir. 2021) (citing *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007)). That said, a claimant "does not need to be utterly incapacitated in order to be disabled," *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001), and "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ acknowledged Plaintiff's activities are limited and not necessarily indicative of an ability to work. Tr. 26. Thus, having found Plaintiff's activities were not transferrable to a work setting, the ALJ may only have rejected Plaintiff's testimony if it was inconsistent with her

daily activities. *See Reddick,* 157 F.3d at 722 ("Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility."). The Ninth Circuit has warned, however, ALJs must be cautious in concluding activities are inconsistent with a claimant's testimony, "because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin,* 759 F.3d 995, 1016 (9th Cir. 2014).

The record shows the ALJ did not fully account for all parts of Plaintiff's testimony when finding her activities supported the RFC, ignoring that Plaintiff performs the cited activities with significant difficulty. For example, while Plaintiff does get her son ready for school in the mornings, she is exhausted and lays back down once he gets on the bus. Tr. 50, 194. Plaintiff can occasionally prepare easy meals, but she relies mostly on her daughter to cook because it hurts to stand too long and she "has given up on cutting up ingredients for food prep" due to her tremors. Tr. 51-52, 194-95, 212, 257. Plaintiff can do laundry and light housework, but only about twice a week. Tr. 195. Laundry takes her most of the day even though she only washes the laundry without folding or putting it away. Tr. 257. She reported to Dr. Bodnar she could only work up to twenty minutes before getting very tired. Tr. 609. Due to her anxiety and agoraphobia, she only makes quick stops for necessary things, leaving her husband to do most of the shopping. Tr. 49, 196, 258. Although she can drive, she avoids leaving the house and only ventures out when necessary for appointments or food. Tr. 196, 256.

The Commissioner insists that even if the evidence of Plaintiff's activities could be interpreted in a manner more favorable to Plaintiff, the ALJ's interpretation was rational and thus entitled to deference. Dkt. 14 at 8 (citing *Burch,* 400 F.3d at 680-81). But the ALJ's

interpretation was not rational, as he failed to properly consider the context of Plaintiff's testimony. An ALJ may not justify a credibility finding "by ignoring competent evidence in the record that suggests an opposite result." *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984); *see also Reddick,* 157 F.3d at 723 (ALJ's finding that claimant's activities indicated an ability to work was not supported by the record where the ALJ's "paraphrasing of the record material [was] not entirely accurate" and did not fully account for all parts of claimant's testimony).

When properly considered in context, Plaintiff's level of activity is consistent with her subjective complaints of fatigue, pain, and tremors. Thus, the ALJ erred by discounting Plaintiff's testimony based on her activities. *See Diedrich v. Berryhill,* 874 F.3d 634, 643 (9th Cir. 2017) (concluding the ALJ erred by relying on a claimant's daily activities while "ignor[ing] other evidence showing the difficulties [the claimant] faced in everyday life.").

In sum, the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, to discount Plaintiff's testimony.

**2. Medical Opinion Evidence**

Plaintiff argues the ALJ erred in rejecting the opinions of Dr. Artur Bodnar, M.D., Su-Yong Fullmer, ARNP, Kim Bisson, MPT, and Rachel Hoffman, DPT. Dkt. 12 at 15-19. For claims filed after March 27, 2017, such as this one, the ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the most important factors. 20 C.F.R. §§ 404.1520c(b)(2), (c); 416.920c(b)(2), (c). The ALJ must explain how he considered supportability and consistency but need not explain how he considered the other factors. *Id.*

**a. Dr. Artur Bodnar, M.D.**

Dr. Bodnar performed a consultative examination in October 2022. Tr. 608-12. In the physical examination, Dr. Bodnar observed a rest tremor on presentation with intentional tremor during the mini-mental exam evaluation. Tr. 609. Plaintiff was able to tie her shoes and pick up a coin. *Id.* When taking Plaintiff's history, he noted she reported her tremor had progressed for the past six months and affected precision activities by hand. Tr. 608. Dr. Bodnar opined Plaintiff was limited to standing and walking for 6 hours in an 8-hour workday due to chronic fatigue and persistent lower back pain. Tr. 611. Due to her tremor, Dr. Bodnar opined she was limited to frequent handling and feeling and occasional fingering. *Id.*

The ALJ found Dr. Bodnar's opinion was not entirely persuasive. Tr. 28. The ALJ stated Dr. Bodnar's opinion was supported by his own examination findings but inconsistent with the longitudinal record, which showed greater limitations. *Id.* Although he adopted some greater limitations than those opined by Dr. Bodnar, the ALJ rejected his limitation to occasional fingering, noting Dr. Bodnar relied on subjective reporting as to the effect of tremors. *Id.* Instead, the ALJ found Plaintiff could frequently finger. *Id.*

Plaintiff argues the ALJ erroneously rejected the limitation to occasional fingering, as Dr. Bodnar observed Plaintiff's tremor on examination and based his opinion on these observations. Dkt. 12 at 15-16. The Commissioner argues while Dr. Bodnar observed a tremor, he did not observe any problems stemming from the tremor and the ALJ correctly found the limitation was based on Plaintiff's self-reports. Dkt. 14 at 10.

An ALJ may reject a physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008). However, the ALJ did not address Plaintiff's testimony regarding her tremors and thus never discounted such complaints. And there is nothing in the record to suggest

ORDER REVERSING AND REMANDING - 9

Dr. Bodnar disbelieved Plaintiff's description of her symptoms, or Dr. Bodnar relied on those descriptions more heavily than his own clinical observations in reaching his conclusion Plaintiff was limited to occasional fingering. Substantial evidence accordingly does not support the ALJ's rationale. *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1199-200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations.").

      **b.  Su-Yong Fullmer, ARNP**

Ms. Fullmer examined Plaintiff in June 2023 and opined Plaintiff could lift/carry less than ten pounds frequently and less than 20 pounds occasionally; could stand and walk for less than four hours and no more than six hours; could sit for less than four hours and no more than six hours; rarely climb; occasionally balance, stoop, kneel, crouch, and crawl; frequently reach; and occasionally handle, finger, and feel. Tr. 1078.

The ALJ found Ms. Fullmer's opinion unpersuasive, first noting she stated her standing/walking/sitting limitations were stated in a contradictory manner. Tr. 28. The ALJ found while the opinion was arguably supported by her examination, it erroneously relied on reported symptoms of a history of fibromyalgia (which was not a medically determinable impairment) as well as Plaintiff's "reported tremors and fatigue not well supported or consistent with the record." *Id.* The ALJ's reasoning – described by the Commissioner as "unartfully phrased" – is somewhat open to interpretation. On one hand, the ALJ seems to have rejected Ms. Fullmer's opinion for its reliance on Plaintiff's subjective reports. On the other, the ALJ seems to have found the opinion inconsistent with the record, which he found contained little support for Plaintiff's allegations of tremors and fatigue.

ORDER REVERSING AND REMANDING - 10

To the extent the ALJ rejected Ms. Fullmer's opinion for its reliance on Plaintiff's reports, this finding is not supported by substantial evidence. As previously discussed in relation to Dr. Bodnar's opinion, the ALJ did not address Plaintiff's testimony regarding her tremor. Having not properly discounted Plaintiff's subjective reports of tremor, the ALJ was not permitted to reject Ms. Fullmer's opinion for its reliance on such reports. *Cf. Tommasetti,* 533 F.3d at 1041 (an ALJ may reject a physician's opinion where it is predicated upon "a claimant's self-reports that have been properly discounted as not credible").

To the extent the ALJ rejected Ms. Fullmer's opinion for being inconsistent with the record, this finding is also not supported by substantial evidence. Plaintiff argues the ALJ erred by failing to acknowledge examinations in which tremors were observed. Dkt. 12 at 16. (citing Tr. 608, 689, 1093, 1094). The Court agrees.

The ALJ is required to consider the record as a whole and may not isolate certain facts without considering their context. *Holohan,* 246 F.3d at 1207-08 (ALJ cannot selectively rely on some entries in a claimant's record while ignoring others); *James T. v. Kijakazi,* 2023 WL 6207759, at *5 (E.D. Wash. Sept. 1, 2023) ("The ALJ must consider all the relevant evidence in the record, however, and may not point to only those portions of the records that bolster [his] findings").

In finding the record contained little support for Plaintiff's tremors, the ALJ ignored significant medical evidence. Plaintiff was diagnosed with essential tremor disorder in September 2022. Tr. 686-89. Her tremor is consistently detailed in her medical history or active problem list at visits across various providers. Tr. 876 ("personal history of other neurology abnormality such as tremors that is still yet with unknown etiology"); 905 (has known unusual shaking or tremors); 1098 (essential tremor noted in history at physical therapy evaluation); 1135

(essential tremors listed in other medical history at vision clinic); 1164 (tremors in active problem list at ENT visit); 1227 (tremors in active problem list at neurology visit). She has sought medical attention to diagnose the origin of her tremor and for treatment of it. Tr. 999 (MRI scan of head/brain for further ruling out of etiology of tremors of the nervous system and shaking that patient has been experiencing); 1093 ("her tremor was bad today, had a noticeable hand shaking and lip movement, tremor improved with MT to the ankle"); 1094 ("tremor improved from previous session although her lip biting was still the same"); 1550 (reported to psychiatric provider "I have tremors in my hands and sometimes my legs twitch and I have an appointment with the neurologist to see if it's something there").

Considering the above, the ALJ's determination the record is inconsistent with Ms. Fullmer's tremor-based limitations is flawed and mischaracterizes the evidence. Accordingly, substantial evidence does not support the ALJ's determination to discount Ms. Fullmer's opinion as inconsistent with the record. An ALJ cannot "reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984).

### c. Kim Bisson, MPT & Rachel Hoffman, DPT

Plaintiff's physical therapist, Kim Bisson, MPT, opined Plaintiff was limited to sedentary work with frequent use of the upper extremities and would have to lie down for several hours during the day depending on the severity of her pain. Tr. 265-66. She based these limitations on Plaintiff's degenerative disc disease *Id.* Plaintiff's pelvic floor physical therapist, Rachel Hoffman, DPT, described Plaintiff's limitations stemming from pelvic floor dysfunction. Tr. 1497-99. She opined Plaintiff could not perform even sedentary work, was limited to less than

occasional use of the upper extremities and needed to lie down for several hours per day to relieve pressure on the pelvic floor. *Id.*

The ALJ addressed the physical therapy opinions together, finding them both unpersuasive because they found no support in the overall record and were inconsistent with "multiple longitudinal examination examples." Tr. 30. Plaintiff argues the ALJ cited normal findings without linking them to any specific opinions or testimony; failed to acknowledge findings that supported Ms. Bisson's opined limitations; and did not cite any evidence that was inconsistent with Ms. Hoffman's report. Dkt. 12 at 17-18.

An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022). Conclusions alone are insufficient – "an ALJ can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison,* 759 F.3d at 1012 (internal quotation marks omitted).

The ALJ's supportability findings are not supported by substantial evidence. The ALJ stated the opinions found no support in the record, but there is significant documentation of Plaintiff's visits with Ms. Bisson, Ms. Hoffman, and other physical therapists within the same clinic. *See generally* Tr. 942-80, 1508-48. These records provide the bases for Ms. Bisson and Ms. Hoffman's conclusions. It was therefore error for the ALJ to summarily conclude these opinions were unsupported without acknowledging or discussing these records. *See Robert D. v. Kijakazi,* 2021 WL 5905734, at *8 (S.D. Cal. Dec. 14, 2021) (finding reversible error where the ALJ was "obliged to explicitly address any supportive medical evidence and explanations…but he instead ignored it.").

ORDER REVERSING AND REMANDING - 13

1       The ALJ's consistency findings are similarly unsupported. The ALJ found the opinions were inconsistent with "multiple longitudinal examination examples." Tr. 30. The ALJ did not cite to or otherwise identify these examinations, nor did the ALJ identify or explain what the inconsistencies were. The Commissioner contends the Court must consider "the ALJ's full explanation," and suggests the ALJ's previous discussion of evidence supports the ALJ's findings. Dkt. 14 at 13 (quoting *Kaufmann v. Kijakazi,* 32 F.4th 843, 851 (9th Cir. 2022)). But even if the Court assumes the ALJ's "multiple longitudinal examination examples" referred to his previous discussion of evidence, the ALJ did not explain the extent to which the limitations opined by Ms. Bisson and Ms. Hoffman were inconsistent with this evidence.

      While the Commissioner attempts to explain how the physical therapy opinions were inconsistent with those of the consultative examiners, the ALJ's decision does not set forth the connections articulated by the Commissioner. This is the sort of post hoc rationale that is impermissible in the Social Security context. *See Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1225 (9th Cir. 2009) (courts must review an ALJ's decision based on the reasoning and findings offered by the ALJ, not post hoc rationalizations). Consequently, the Court is unable to find the ALJ properly discussed the consistency factor. *See Angela Louise W. v. Comm'r of Soc. Sec.,* 2023 WL 3052361, at *4 (W.D. Wash. Apr. 24, 2023) ("It is not enough for the ALJ to simply state that some evidence is inconsistent with a medical source's opinion…The ALJ must build an accurate and logical bridge from…the overall medical evidence of record…and the ALJ's conclusion") (internal quotation marks omitted).

      The ALJ's failure to articulate his consideration of supportability and consistency frustrates meaningful judicial review and constitutes legal error. *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1103 (9th Cir. 2014) ("the ALJ must provide some reasoning in order for

ORDER REVERSING AND REMANDING - 14

us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

## CONCLUSION

The ALJ harmfully erred in evaluating Plaintiff's testimony and the medical opinions of Dr. Bodnar, Ms. Fullmer, Ms. Bisson, and Ms. Hoffman. Accordingly, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reevaluate the medical opinions and Plaintiff's testimony, further develop the record, and redetermine RFC as necessary, and proceed with the five-step disability evaluation process as appropriate.

DATED this 15th day of January, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge